producing testimony of a contradictory nature. The rule upon this subject has frequently been made a matter of consideration by the courts, and it is now well established that to entitle the party interrogating the witness in this manner, by way of cross-examination, to introduce evidence to contradict his statements, the cross-examination must be directed to a material inquiry in the case, or to evidence establishing a hostile or unfriendly bias against the party in the mind of the witness. (*Carpenter* v. *Ward*, 30 N. Y., 243, 245; *Plato* v. *Reynolds*, 27 id., 586; *Trustees, etc.,* v. *Brooklyn Fire Ins. Co.,* 28 id., 153; *Chapman* v. *Brooks*, 31 id., 75, 87; *Stokes* v. *The People*, 53 id., 164, 175, 176; *Schultz* v. *Third Ave. R. R. Co.,* 89 id., 248).

" The evidence which was received concerning the commission of the other offense was in direct contravention of this rule. By the ruling of the court it was taken for no other or different purpose, and it is to be presumed that it was only used, as it was stated by the court it would be, in the consideration and determination of the case. This was a material error which could not be otherwise than prejudicial to the case of the defendant."

*William F. Kintzing*, for the appellant.

*A. J. Requier*, for the respondent.

Opinion by Daniels, J.; Davis, P. J., and Brady, J., concurred.

Judgment reversed, and new trial ordered.

---

## FANNY E. MUSGRAVE *v.* JOHN H. SHERWOOD.

*Party wall — controversy as to the right to increase its height — affords no basis for an extra allowance.*

Appeal by the defendant and by the plaintiff from a judgment recovered on a trial at the Special Term, and also by the plaintiff from an order denying her motion for an additional allowance of costs.

The action was brought to restrain the defendant from increasing the height of a party wall standing upon the premises and between the buildings of the parties.

The court at General Term said : " This case is now before the General Term for the third time. The points upon which the rights and obligations of the parties depend were fully considered upon the appeal from the first judgment recovered in it, by which the plaintiff's complaint was dismissed. (*Musgrave* v. *Sherwood*, 23 Hun, 669.) By that decision the judgment was reversed, and it was concluded upon the findings of fact which had been made that the plaintiff should be allowed to recover. The case has since been tried upon evidence not varying in its material aspects from that given upon the first trial, and similar findings have been adopted by the court as the conclusions warranted by this evidence.

*          *          *          *          *          *

" There was no sum required or claimed in the action, and no subject-matter involved in it upon which a valuation could be placed for the purpose of an additional allowance of costs, placing the case within the Code of Civil Procedure (§ 3253, sub. 2); and where that may be the character of the action, no allowance under this subdivision can be made. (*Grissler* v. *Stuyvesant*, 67 Barb., 81; *People* v. *New York*, *etc.*, *Ferry Co.*, 68 N. Y., 71.)

" This case, in principle, was very much like that now presented. ' The subject-matter involved in the controversy was the right to erect the structure, and not the title to the materials or the value of the erections. The plaintiff claimed no right or property in them ' (Id., 83); and because that was the nature of the controversy, the allowance which had been made was stricken out. This case is similar in its theory, and may properly be held to be governable by the decision which was then made. The order from which the appeal has been taken by the plaintiff should also be affirmed."

*Almon Goodwin*, for the appellant.

*William A. Beach*, for the respondent.

Opinion by DANIELS, J,; BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment affirmed.